**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MWY, INC. and SAMI ZAHRAN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 12-cv-10404** |
| | ) | |
| **OPPORTUNITY FRANCHISING, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ANSWER TO COMPLAINT,**
**AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendant Opportunity Franchising, Inc. ("OFI"), by its attorneys, and as and for its

Answer to Complaint, Affirmative Defenses and Counterclaim, state as follows:

**ANSWER TO COMPLAINT**

**Count I**

1.      At all times herein relevant, Plaintiff MWY, Inc., hereafter "MWY", was a
corporation under the laws of the state of Illinois. Its principle place of business is in Alsip,
Illinois. At all times herein relevant, Sami Zahran, hereafter "Zahran", was an agent and owner
of Plaintiff MWY.

**ANSWER**:   OFI admits the first two sentences of ¶ 1, but lacks knowledge or

information sufficient to form a belief as to the truth of the last sentence of ¶ 1 and therefore

denies that sentence on that basis.

2.      Upon information and belief, at all times herein relevant, Defendant, Opportunity
Franchising, Inc., d/b/a Jani-King of Illinois, hereafter "Defendant" was and remains a Texas
Corporation licensed to do business in Illinois. Its principle place of business is located in
Rolling Meadows, Illinois. At all times herein relevant. Bob Barsky, Gary Clark, Dan Hype and
Judi Maggiore were employees/agents of the Defendant.

**ANSWER**:   OFI admits the first sentence of ¶ 2, denies the second sentence of ¶ 2,

admits that the persons named in the third sentence of ¶ 2 were employees of OFI, and states that

the allegations that such persons were agents of OFI is a legal conclusion requiring no response;

to the extent a response is required, OFI denies the legal conclusion.

3.      Pursuant to 735 ILCS 5/2-101 known as the Illinois Code of Civil Procedure, venue is proper in the Fifth District, Cook County, Illinois, as Defendants transact business in said county and some or all of the transactions at issue occurred in said county.

**ANSWER**: OFI denies ¶ 3.

4.      At all times herein relevant, there was in force and affect the Franchise Disclosure Act of 1987, 815 ILCS 705/1 *et seq*, hereafter "FDA" and the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*, hereafter "CFA".

**ANSWER**:  OFI admits the existence of the statutes cited in ¶ 4, but denies any

remaining allegations of ¶ 4.

5.      In February of 2010, MWY, through its agent, Sami Zahran met Defendant, through its agent Bob Barsky, to discuss the possibility of contracting to become a franchisee of Defendant.

**ANSWER**:  OFI admits that in early 2010 MWY met with OFI to discuss MWY's

interest in acquiring a franchise, but denies the remaining allegations of ¶ 5.

6.      At said meetings, Defendant represented to Plaintiff that if it became a franchisee Defendant would in fact provide to it as franchisee $2,000 of janitorial service within a driving distance of 15 - 20 minutes of Plaintiff's business location, on a monthly basis and at an hourly or flat rate such that Plaintiff would earn sufficient sums to pay its expenses and earn a profit.

**ANSWER**: OFI denies ¶ 6.

7.      The aforesaid deceptive representations were acts committed by Defendant in the regular course of its business to induce individuals such as Plaintiff to enter into a Franchise Agreement with Defendant.

**ANSWER**: OFI denies ¶ 7.

8.      In reliance on the aforesaid deceptive representations of Defendant, Plaintiff executed the franchise agreement.

**ANSWER**: OFI denies ¶ 8.

9.      The Franchise Agreement provided that Defendant would provide to Plaintiffs $2,000 a month of guaranteed business for Plaintiffs. Based upon the Defendants representation

that the $2,000 of monthly business would be within 15- 20 minutes driving distance of Plaintiff's business location, Plaintiff executed the Franchise.

**ANSWER**: The first sentence of ¶ 9 misstates the terms of parties' franchise agreement

and on that basis OFI denies it. OFI denies the second sentence of ¶ 9.

10. On or about March 30, 2010, Plaintiff MWY and Defendant entered into a franchise agreement known as plan C. See, attached hereto, a copy of the Franchise Agreement so executed is attached hereto as Exhibit A.

**ANSWER**: OFI admits ¶10.

11. Based on the representations of the Defendant, Plaintiffs at all times relied upon the statements as set forth in paragraph 6 above and believed that Defendants would provide to them guaranteed janitorial service contracts totaling $2,000 per month within 15-20 minutes driving distance of Plaintiffs business location.

**ANSWER**: OFI denies ¶ 11.

12. After execution of the franchise agreement, the Plaintiff commenced its franchise business. Since it was a start-up business, Plaintiff knew that it had to solicit businesses for the performance of janitorial services, but it was relying upon Defendant's representations that it would provide Plaintiff janitorial service contracts totaling $2,000 a month within a 15-20 minute drive of its business.

**ANSWER**: OFI admits the first sentence but denies the second sentence of ¶ 12.

13. After the execution of the franchise agreement, the vast majority of the janitorial service contracts that Defendant would from time to time provide to Plaintiff was not within the 15-20 minute driving distance from its business location, and did not provide Plaintiff with $2,000 of guaranteed business per month.

**ANSWER**: OFI denies ¶ 13.

14. At all times Defendant knew its representations to Plaintiffs as set forth herein were misleading, confusing and false, and would induce them to execute the Franchise Agreement.

**ANSWER**: OFI denies ¶ 14.

15. Pursuant to the FDA it is a violation thereof to "(b) make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading;" 815 ILCS 705/6(b).

**ANSWER**: OFI admits ¶ 15, but denies it violated the statute cited.

16.     As a proximate cause of the deceptive misrepresentations of the Defendants Plaintiff suffered damages in an amount in excess of $50,000.

**ANSWER**:  OFI denies ¶ 16.

## Count II

1-14.   Plaintiff incorporates by reference paragraphs 1 - 14 of Count I as paragraphs 1-14 of Count II as if more fully set forth herein.

**ANSWER**:  OFI repeats and realleges its answers to ¶¶ 1 through 14 of Count I as and

for its answers to ¶¶  1 through 14 of this Count II, as if fully set forth herein.

15.     Pursuant to the CFA it is a violation thereof to make use of or employ "any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact..." 815 ILCS 505/2.

**ANSWER**:  OFI admits ¶ 15, but denies it violated the statute cited.

16.     Defendant violated the CFA in that by its agent Barsky, it misrepresented material facts regarding the geographic location, distance and amount of the guaranteed business.

**ANSWER**:  OFI denies ¶ 16.

17.     As a proximate cause of the deceptive misrepresentations of the Defendants Plaintiff suffered damages in an amount in excess of $50,000.

**ANSWER**:  OFI denies ¶ 17.

## Count III

1-14.   Plaintiff incorporates by reference paragraphs 1 - 14 of Count I as paragraphs 1-14 of Count III as if more fully set forth herein.

**ANSWER**:  OFI repeats and realleges its answers to ¶¶ 1 through 14 of Count I as and

for its answers to ¶¶  1 through 14 of this Count III, as if fully set forth herein.

15.     Pursuant to the Franchise Agreement, "Franchisor will secure commercial cleaning and maintenance contracts and offer to Franchisee the opportunity to perform services in accordance with those commercial cleaning and maintenance contracts which contracts will have cumulative initial gross monthly bills in the amount equal to the amount stated as the "INITIAL FINDER'S FEE BUSINESS" in the Franchise Summery ..." Agreement pg 4, par. 4.3.1, in this case $2,000.00.

**ANSWER**:  OFI admits that ¶ 15 inaccurately recites a part of Section 4.3.1 of the parties' franchise agreement and that the initial finder's fee business under that agreement was $2,000, but denies any remaining allegations of ¶ 15.

16.    Defendants failed to provide such contracts as required by the contract. As set forth in more detail in the attached Franchisee Reports generated by Defendant, Defendant did not meet the requirements of the agreement at anytime.

**ANSWER**:  OFI denies ¶ 16.

17.    As a proximate cause of the deceptive misrepresentations of the Defendants Plaintiff suffered damages in an amount in excess of $50,000.

**ANSWER**:  OFI denies ¶ 17.

## Count IV

1-14.   Plaintiff incorporates by reference paragraphs 1 - 14 of Count I as paragraphs 1-14 of Count IV as if more fully set forth -herein.

**ANSWER**:  OFI repeats and realleges its answers to ¶¶ 1 through 14 of Count I as and for its answers to ¶¶ 1 through 14 of this Count IV, as if fully set forth herein.

15.    Pursuant to the FDA "Every franchisee in whose favor judgment is entered in an action brought under this Section shall be entitled to the costs of the action including, without limitation, reasonable attorney's fees." 815 ILCS 705/26.

**ANSWER**:  OFI admits the existence of the statute cited, but denies MWY is entitled to any judgment, costs or fees thereunder.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the terms of the fully-integrated written agreements it signed.

### Third Affirmative Defense

Plaintiff's claims are barred by the parol evidence rule.

### Fourth Affirmative Defense

Plaintiff's claims are barred by OFI's compliance with all of its disclosure obligations under applicable law.

### Fifth Affirmative Defense

Plaintiff's claims are barred by its own prior material breaches of the parties' franchise agreement.

### Sixth Affirmative Defense

To the extent plaintiff sustained any damages, those damages were proximately caused by plaintiff's own acts and/or omissions.

### Seventh Affirmative Defense

To the extent plaintiff sustained any damages, those damages were proximately caused by the acts and/or omissions of one or more third parties over whom OFI had no control.

### Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part by its failure to mitigate damages, if any.

### Ninth Affirmative Defense

Plaintiff's claims are barred by the statute of frauds.

### Tenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by offset or set off.

### Eleventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel and/or laches.

### Twelfth Affirmative Defense

Plaintiff's claim are barred in whole or in part by the provisions of § 12.12 of the parties' franchise agreement.

Thirteenth Affirmative Defense

Plaintiff's Consumer Fraud Act claim is barred by the choice of law provision of the parties' franchise agreement.

Fourteenth Affirmative Defense

Sami Zahran lacks standing to assert any claim in this action and is therefore not a proper party plaintiff.

OFI reserves the right to supplement its defenses as it learns of additional defenses through investigation, discovery or otherwise.

**WHEREFORE**, OFI demands judgment in its favor and against plaintiff on each claim of plaintiff's complaint, together with an award of its costs and expenses, including attorneys' fees, incurred in connection with this matter.

**COUNTERCLAIM**

1.       On March 30, 2010, OFI and plaintiff entered into a written franchise agreement pursuant to which OFI granted plaintiff a franchise to operate a franchised Jani-King business in a specified territory for a twenty (20) year term.

2.       Under the franchise agreement, plaintiff agreed to operate its franchised Jani-King business in accordance with the terms and conditions of the franchise agreement and OFI's standards and specifications, for the full term of the agreement.

3.       Plaintiff agreed to pay OFI a monthly royalty in an amount equal to ten percent (10%) of the franchised Jani-King business's gross revenues.

7

4.     Plaintiff also agreed to pay to OFI a monthly advertising fee in an amount equal to one percent (1%) of the franchised Jani-King business's gross revenues.

5.     Despite its obligations under the franchise agreement, plaintiff materially breached the franchise agreement by permanently ceasing to operate its franchised Jani-King business prior to the expiration of the franchise agreement's term.

6.     Plaintiff's abandonment of its franchised Jani-King business constituted a wrongful and unilateral termination of the franchise agreement.

7.     Since abandoning its franchised Jani-King business, plaintiff has failed and refused to make the monthly royalty and advertising fee payment owed to OFI under the franchise agreement.

8.     On behalf of itself and its principals, plaintiff agreed, among other things, that, in the event the franchise agreement terminated, neither it nor its principals would engage in a business competitive with the Jani-King business for a two (2) year period within its former territory, or for one (1) year within any the territory of any other Jani-King business.

9.     OFI fully performed all of its obligations under the franchise agreement.

## COUNT I
## BREACH OF CONTRACT

10.     OFI repeats and realleges ¶¶ 1 through 9 of its Counterclaim as and for ¶ 10 of this Count I, as if fully set forth herein.

12.     Plaintiff's abandonment of and failure to operate its franchised Jani-King business constitute a material breach of the franchise agreement.

13.     As a direct and proximate result of plaintiff's breach of the franchise agreement, OFI has suffered damages, including lost future royalties and advertising fees, in an amount to be established at trial.

**WHEREFORE**, OFI demands judgment in its favor and against plaintiff for damages in an amount to be proven at trial, together with an award of its costs and expenses, including attorneys' fees, incurred in connection with this action.

Dated:  January 30, 2013                                    Respectfully submitted,

                                                            **OPPORTUNITY FRANCHISING, INC.**

                                                            By:  ___/s/ Fredric A. Cohen_____
                                                                   One of its Attorneys

Fredric A. Cohen (ARDC #6198606)
Aaron-Michael Sapp (ARDC #6297528)
**CHENG COHEN LLC**
311 N. Aberdeen St., Suite 400
Chicago, IL 60607
T: (312) 957-4666
F: (312) 277-3961
fredric.cohen@chengcohen.com
aaron-michael.sapp@chengcohen.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January 30, 2013, a true and correct copy of the

foregoing     ANSWER     TO     COMPLAINT,     AFFIRMATIVE     DEFENSES     AND

COUNTERCLAIM was caused to be served via e-mail upon the following:


DAN WALKER, JR.
CESARlO & WALKER
211 W. Chicago Avenue, # 118
Hillsdale, IL 60521

                                                        /s/  Fredric A. Cohen
                                                            Fredric A. Cohen